UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JUAN J. REYES-SOTO, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:14CV00440 AGF |
| | ) |
| ERIC H. HOLDER, JR., United States Attorney General; et al., | ) ) |
| | ) |
| Respondents. | ) |

# **MEMORANDUM AND ORDER**

Petitioner Juan J. Reyes-Soto brings this action under 8 U.S.C § 1421(c) for judicial review of the denial of his application for naturalization. The matter is now before the Court on the parties' cross motions for summary judgment. For the reasons set forth below, Petitioner's motion for summary judgment shall be denied, and Respondents' motion for summary judgment shall be granted.

# **BACKGROUND**

The relevant facts are largely undisputed. Petitioner is a citizen of Mexico and a lawful permanent resident of the United States. On December 6, 1993, he was indicted for the felony of pointing a firearm at another person in violation of Section 16-23-410 of the South Carolina Code of Laws.[1] Petitioner was convicted upon a guilty plea on April 14,

---

1   S.C. Code § 16-23-410 states:

>   It is unlawful for a person to present or point at another person a loaded or unloaded firearm. . . . A person who violates the provisions of this section is guilty of a felony and, upon conviction, must be fined in the discretion of the court or imprisoned not

1

1994, and sentenced to three years' imprisonment and payment of $3,000, with the sentence suspended upon either the service of one year imprisonment or the payment of $500 plus costs and one year probation. (Doc. No. 7-5 at 1.) Petitioner chose the second option of payment of $500 plus costs and one year probation.

On February 24, 2012, Petitioner filed an N-400 Application for Naturalization with the United States Citizenship and Immigration Services ("USCIS"). On July 1, 2013, USCIS denied Petitioner's application on the basis that the 1994 South Carolina conviction was for an "aggravated felony" such that Petitioner failed to establish that he was a person of good moral character, a necessary element to be eligible for naturalization, pursuant to the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101(a)(43)(F). Petitioner requested a hearing, and following a hearing conducted on December 9, 2013, the USCIS affirmed the denial of Petitioner's naturalization application based on the same reason.

Petitioner argues that USCIS erred in classifying S.C. Code § 16-23-410 as an "aggravated felony" for purposes of § 1101(a)(43)(F) of the INA. Petitioner points to the definition of "aggravated felony" as "a crime of violence" as that term is defined in 18 U.S.C. § 16, which is a crime that involves either physical force or the substantial risk of physical force. Petitioner argues that the South Carolina gun-pointing statute does not qualify as a crime of violence under either of the two categories. Petitioner maintains that a crime of violence requires a *mens rea* of intent, and argues that based on the language of S.C. Code § 16-23-410, it is not an intentional crime, but rather creates strict liability for pointing a gun.

---

        more than five years. This section must not be construed to abridge the right of
        self-defense or to apply to theatricals or like performances.

Petitioner also points to the fact that the South Carolina statute does not include any element requiring use of physical force or substantial risk that physical force may be applied. Consequently, Petitioner contends that the statute does not fit within the INA definition of crime of violence, and therefore his good moral character should not be questioned for naturalization purposes. Petitioner also argues that the 1994 offense falls outside of the five-year period immediately prior to the filing of his naturalization application so it should not be considered in classifying him as a person lacking good moral character.

Respondents argue that the denial of Petitioner's naturalization application was proper because he cannot establish good moral character. Respondents classify S.C. Code § 16-23-410 as a crime of violence and consequently an aggravated felony under the INA. Respondents agree with Petitioner that crimes of violence require a mens rea of intent, but argue that S.C. Code § 16-23-410 has been interpreted by the South Carolina state courts to incorporate an intentional *mens rea*. Respondents further contend that the statute fulfills both definitions of crimes of violence under 18 U.S.C. § 16 because threatening the use of physical force is a necessary element of pointing a gun at a person, and because pointing a gun at a person involves a substantial risk that physical force may be used against that person.

## DISCUSSION

"[T]he Government has a strong and legitimate interest in ensuring that only qualified persons are granted citizenship." *Bereyni v. Dist. Dir., I.N.S.*, 385 U.S. 630, 637 (1967). "An applicant for naturalization 'bears[s] the burden of establishing by a

preponderance of the evidence that he or she meets all of the requirements for naturalization.'" *Nyari v. Napolitano*, 562 F.3d 916, 919 (8th Cir. 2009) (quoting 8 C.F.R. § 316.2(b)). "Any doubts about eligibility should be resolved in favor of the United States and against the applicant." *Ghanim v. Napolitano*, 4:12CV1818 SNLJ, 2013 WL 4401837, at *3 (E.D. Mo. Aug. 14, 2013). The Court's review is *de novo,* with the Court making its own findings of fact and conclusions of law. *Nyari*, 562 F.3d at 920.

The INA governs the naturalization of persons desiring United States citizenship. To qualify for naturalization, one of the requirements is that the applicant must be "a person of good moral character." 8 U.S.C. § 1427(a). Commission of an aggravated felony "at any time" disqualifies a naturalization applicant as a person lacking good moral character. 8 U.S.C. §§ 110l(f)(8), 1427(a)(3). The issue in this case is whether South Carolina's gun-pointing statute, S.C. Code § 16-23-410, is an aggravated felony, thereby disqualifying Petitioner from applying for naturalization.

An aggravated felony is "a crime of violence [as defined in 18 U.S.C. § 16] for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(F). The term of imprisonment is measured by considering the length of imprisonment in the defendant's sentence, regardless of whether or not it has been suspended. *Hernandez v. Holder*, 760 F.3d 855, 859 (8th Cir. 2014) (quoting 8 U.S.C. § 1101(a)(48)(B)). In this case, Petitioner was sentenced to three years imprisonment. Even though that sentence was suspended, it is sufficient to meet the term-of-imprisonment requirement to qualify as an aggravated felony.

Additionally, the offense must be a crime of violence in order to be classified as an aggravated felony. According to 18 U.S.C. § 16, a crime of violence is:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16. "The key phrase in § 16(a)—the 'use…of physical force against the person or property of another'—most naturally suggests a higher degree of intent than negligent or merely accidental conduct." *Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004) (quoting 8 U.S.C. § 16(a)). Section 16(b) is broader and "covers offenses that naturally involve a person acting in disregard of the risk that physical force might be used against another in committing an offense" but it still "requir[es] a higher *mens rea* than . . . merely accidental or negligent conduct[.]" *Id.* at 11. "The language of § 16 'requires us to look to the elements and nature of the offense of conviction, rather than to the particular facts relating to a petitioner's crime.'" *United States v. Torres-Villlalobos*, 487 F.3d 607, 614 (8th Cir. 2007) (quoting *Leocal*, 543 U.S. at 7).

The Eleventh Circuit has held, in the context of an immigration case for deportation, that S.C. Code § 16-23-410 qualifies as a crime of violence under 18 U.S.C. § 16. *See Cole v. U.S. Attorney Gen.*, 712 F.3d 517, 527-28 (11th Cir. 2013). And the Fourth Circuit has held that the South Carolina statute qualifies as a crime of violence under 18 U.S.C. § 16 for the purposes of sentencing recommendations. *See United States v. King*, 673 F.3d 274 (4th Cir. 2012); *United States v. Thompson*, 891 F.2d 507, 509 (4th Cir. 1989).

5

As these circuit courts have reasoned, S.C. Code § 16-23-410 states that it is "unlawful for a person to present or point at another person a loaded or unloaded firearm," and the South Carolina Court of Appeals has interpreted "presenting a firearm" under the statute to mean "offer[ing] to view in a threatening manner, or . . . show[ing] in a threatening manner." *In re Spencer R.*, 692 S.E.2d 569, 572 (S.C. Ct. App. 2010). "Unlike other states where the crime of exhibiting or brandishing a firearm is completed after a person has shown the weapon to anyone in view, South Carolina's statute *explicitly* requires a firearm to be presented *at* someone" in a threatening way. *Id.* at 573, n.2. "As South Carolina's courts have interpreted S.C. Code § 16-23-410, the offense has as an element an intentional mens rea" and therefore satisfies the higher standard required of violent crimes under *Leocal*. *Cole*, 712 F.3d at 528.

The actions contemplated by S.C. Code § 16-23-410 involve a substantial risk of physical force against that person as required by § 16(b). "Common sense teaches us that such an encounter—in which the perpetrator points or presents a firearm threateningly at the victim—carries a substantial risk the confrontation will result in the use of intentional force." *Id.* The threat does not arise from mere recklessness, but from the nature of the crime and the fact that it raises the likelihood that the perpetrator will use force against the victim. *Id.*; *see also Thompson*, 891 F.2d at 509 (analyzing S.C. Code § 16-23-410 and noting that "[p]ointing a firearm at a person is an offense that, by its nature, involves a substantial risk that physical force against the person of another may be used in the course of committing the offense.") (internal citation omitted).

In sum, the USCIS correctly determined that S.C. Code § 16-23-410 qualifies as a crime of violence under 8 U.S.C. § 16(b). Contrary to Petitioner's argument, it is irrelevant that the 1994 offense falls outside of the five-year period immediately prior to the filing of his naturalization application. The INA disqualifies from "good moral character" anyone "who *at any time* has been convicted of an aggravated felony." 8 U.S.C. § 1101(f)(8) (emphasis added).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion for summary judgment is **DENIED**. (Doc. No. 3).

**IT IS FURTHER ORDERED** that Respondents' motion for summary judgment is **GRANTED**. (Doc. No. 9.)

A separate Judgment shall accompany this Memorandum and Order.

*/s/ Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 24th day of October, 2014.